[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 21, 2001, the plaintiff, Donald L. Crawford, caused the defendant, Jacqueline M. Calayag, to be served in Ridgefield, Connecticut, with process captioned "Petition For Paternity Proceedings By Father," together with an order for hearing and summons.
The plaintiff, appearing pro se, and the defendant, represented by counsel, both appeared before this court on January 28, 2002 pursuant to said order for hearing.
On said date, the defendant filed a motion to dismiss the petition for paternity proceeding arguing, inter alia, that the court lacked subject matter jurisdiction and that the plaintiff was without standing to commence the action.
The court reserved decision on the motion to dismiss and entered temporary orders appointing an attorney to represent the minor child, Aidan J. Crawford, and continued the matter for further proceedings. As part of its order, the court also retained jurisdiction of the matter "unless and until it is clear that the court is without jurisdiction in the case."
On February 2, 2002, the plaintiff filed a motion to amend petition and a motion for custody pendente lite.
On February 11, 2002, the aforementioned parties appeared in the above matter and were heard.
The defendant renewed her motion to dismiss and the plaintiff sought orders of the court on his pending motions.
After hearing additional evidence and testimony, the court entered orders granting the plaintiff's amendment of the petition seeking custody of the minor child; ordered specific visitation between the plaintiff and the minor child; and continued the matter to March 4, 2002 for further proceedings.
On March 4, 2002, the parties again appeared before the court pursuant to the aforementioned order and pursuant to a rule to show cause (Carroll, J.) for hearing on the defendant's motion to transfer jurisdiction, dated February 19, 2002, and the plaintiff's objection CT Page 4026 thereto.
Having considered the evidence and testimony offered by the parties and having taken into consideration the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), as set forth in §46b-115 et seq. of the Connecticut General Statutes, the court makes the following findings and orders:
The plaintiff, Donald L. Crawford, is the father of the minor child, Aidan J. Crawford, and the defendant, Jacqueline M. Calayag, is the child's mother.
None of the parties have extensive contacts with the state of Connecticut. The defendant's only contact with this state is her temporary residence at the home of her sister in Ridgefield, Connecticut from September, 2001 until the commencement of this action. The minor child was in the physical custody of the defendant during that time. The plaintiffs only contact with this state has been his relocation from New York to the Milford, Connecticut residence of his sister during the pendency of this action.
The child was born in Bronxville, New York on November 22, 2000, and has not been domiciled in Connecticut.
Connecticut is not the "home state" of the minor child as that term is defined by § 46b-115a (7) of the Connecticut General Statutes.
Under the provisions of the UCCJEA, the court has exercised temporary jurisdiction in this matter and has entered the temporary emergency orders recited above in what it found to be the best interests of the minor child and to address the concerns raised by the plaintiff regarding alleged efforts by the defendant to deny the plaintiff access to his minor child.
On Monday, March 18, 2002, the court communicated with the Hon. William Warren, presiding judge of the Family Court of Rockland (N.Y.) County pursuant to § 46b-115h (c) of the Connecticut General Statutes, and this court determined that said Family Court has scheduled proceedings regarding the UCCJEA issues also pending in this court.
For the foregoing reasons, the court hereby stays all proceedings in this court, including the defendant's motion to dismiss, pending a determination by the Family Court of Rockland (N.Y.) County as to its jurisdiction under the UCCJEA.
Should that court, after hearing, determine that it is without CT Page 4027 jurisdiction to resolve the issues before it, further proceedings in this court will be conducted to review this court's jurisdiction and to enter appropriate orders.
Should that court determine that it has the requisite jurisdiction to proceed under the Uniform Act, this matter shall be dismissed.
By the Court,
Joseph W. Doherty, Judge